**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Irene AMEZQUITA–ESTRADA,
Defendant–Appellant.**

No. 14–50300.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2015.*

Filed Feb. 26, 2015.

David P. Finn, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Joseph Camden, Trial, Kristi A. Hughes, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Appeal from the United States District Court for the Southern District of California, Anthony J. Battaglia, District Judge, Presiding. D.C. No. 3:11–cr–04623–AJB.

Before: O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Irene Amezquita–Estrada appeals from the district court's judgment and challenges the 12–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Amezquita–Estrada contends that the district court procedurally erred by imposing sentence based on the need to punish her new criminal conduct. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court was concerned primarily with Amezquita–Estrada's breach of trust and the need to deter, rather than with punishing Amezquita–Estrada for her new offense. *See United States v. Simtob,* 485 F.3d 1058, 1063 (9th Cir.2007).

Amezquita–Estrada also contends that the district court imposed a substantively unreasonable sentence in light of her mitigating factors and because the court failed to depart downward to account for the

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

time Amezquita–Estrada had served in pretrial detention. The district court did not abuse its discretion in imposing Amezquita–Estrada's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The 12–month sentence at the bottom of the Guidelines range is substantively reasonable in light of the section 3583(e) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51, 128 S.Ct. 586. Moreover, the court was aware of the amount of time Amezquita–Estrada had served in pretrial detention and reasonably exercised its discretion to decline to depart downward on that basis in light of the circumstances of this case.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.